UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON L. BARNES**                                                     **CIVIL ACTION**

**VERSUS**                                                                          **NO. 17-1583**

**ROBERT TANNER**                                                          **SECTION: "E"(1)**

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Brandon L. Barnes, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. On May 28, 2013, he pleaded guilty to armed robbery and felon in possession of a firearm under Louisiana law. On that same date, he was sentenced on the armed robbery conviction to a term of twenty-five years imprisonment and on the firearm conviction to a term of ten years imprisonment. It was ordered that those sentences be served concurrently and without benefit of probation, parole, or suspension of sentence.[1] After he was

---

[1] State Rec., Vol. 1 of 4, transcript of May 28, 2013; State Rec., Vol. 1 of 4, minute entry dated May 28, 2013; State Rec., Vol. 1 of 4, guilty plea form.

granted an out-of-time appeal,[2] the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences on November 19, 2015.[3] The Louisiana Supreme Court then denied his related writ application on January 23, 2017.[4]

On February 20, 2017, petitioner filed the instant federal application seeking habeas corpus relief.[5] The State concedes that the application is timely and that petitioner exhausted his remedies in the state courts.[6]

## I.  Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both.  The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

---

[2] State Rec., Vol. 1 of 4, Order dated February 5, 2015.
[3] State v. Barnes, 179 So. 3d 874 (La. App. 5th Cir. 2015); State Rec., Vol. 1 of 4.
[4] State v. Barnes, 215 So. 3d 682 (La. 2017); State Rec., Vol. 1 of 4.
[5] Rec. Doc. 4.
[6] Rec. Doc. 11, p. 4.

determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir. 2010) (internal quotation marks, ellipses, brackets, and footnotes omitted).

Regarding the "unreasonable application" clause, the United States Supreme Court has held: "[A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case." White v. Woodall, 134 S. Ct. 1697, 1706 (2014). However, the Supreme Court cautioned:

3

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

Id. (citations and quotation marks omitted). Therefore, when the Supreme Court's "cases give no clear answer to the question presented, let alone one in [the petitioner's] favor, it cannot be said that the state court unreasonably applied clearly established Federal law." Wright v. Van Patten, 552 U.S. 120, 126 (2008) (quotation marks and brackets omitted). The Supreme Court has also expressly cautioned that "an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694. Accordingly, a state court's merely incorrect application of Supreme Court precedent simply does not warrant habeas relief. Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court has held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling*

4

> *on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 562 U.S. 86, 102-03 (2011) (citations omitted; emphasis added); see also Renico v. Lett, 559 U.S. 766, 779 (2010) ("AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.").

The Supreme Court has expressly warned that although "some federal judges find [28 U.S.C. § 2254(d)] too confining," it is nevertheless clear that "all federal judges must obey" the law and apply the strictly deferential standards of review mandated therein. White v. Woodall, 134 S. Ct. 1697, 1701 (2014).

## II. Petitioner's Claims

### A. Boykin Claim

Petitioner's first claim is that his plea was constitutionally infirm because he was not independently advised of and did not affirmatively waive his Boykin rights before pleading guilty. For the following reasons, that claim is conclusively disproven by the state court record.

In Boykin v. Alabama, 395 U.S. 238 (1969), the United States Supreme Court held:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Second, is the right to trial by jury. Third, is the right to confront one's accusers. We cannot presume a waiver of these three important federal rights from a silent record.

Id. at 243 (citations omitted).

Here, petitioner and his codefendant, Ronell B. Barnes, pleaded guilty during a joint plea colloquy. Prior to the colloquy, each defendant executed an "Acknowledgement and Waiver of

5

Constitutional Rights – Guilty Plea" form in which they acknowledged in writing that they understood and were waiving various rights, including but not limited to the three Boykin rights.[7] Petitioner then acknowledged on the record that he had in fact reviewed and signed that form:

> THE COURT:
> … All right, Mr. Brandon Barnes, I have before me your acknowledgement and waiver of Constitutional rights form wherein you're charged with the felony offenses of armed robbery and felon in possession of a firearm. Have you had the opportunity to review this form with your counsel, sir?
>
> MR. BRANDON BARNES:
> Yes, sir.
>
> THE COURT:
> And is this your signature that appears on the second page of the form, sir?
>
> MR. BRANDON BARNES:
> Yes, sir.[8]

The transcript further reflects that the judge then proceeded to also orally advise the defendants of their rights and each defendant expressly waived those rights on the record. In pertinent part, the transcript reflects the following exchanges regarding the three Boykin rights:

> THE COURT:
> Do you understand that by tendering these pleas of guilty, you're waiving and giving up your right to trial by judge or jury in these matters? Do you understand that?
>
> MR. RONELL BARNES:
> Yes, sir.
>
> THE COURT:
> All right, Brandon Barnes?
>
> MR. BRANDON BARNES:
> Yes, sir.

---

[7] State Rec., Vol. 1 of 4, guilty plea form.
[8] State Rec., Vol. 1 of 4, transcript of May 28, 2013, pp. 3-4.

….

THE COURT:
    Do you also understand that by tendering these pleas of guilty, you're waiving and giving up the right to confront the witnesses at trial who accuse you of these crimes and the right to have your attorney cross-examine or ask questions of those witnesses, Ronell Barnes?

MR. RONELL BARNES:
    Yes, sir.

THE COURT:
    Mr. Brandon Barnes?

MR. BRANDON BARNES:
    Yes, sir.

THE COURT:
    Do you also understand that by tendering these pleas of guilty, you're waiving and giving up the right to testify at trial if you choose to do so and the right to remain silent, and if you chose not to testify at trial, neither the Court nor a jury could hold your silence against you or consider it as evidence of guilt, Ronell Barnes?

MR. RONELL BARNES:
    Yes, sir.

THE COURT:
    Brandon Barnes?

MR. BRANDON BARNES:
    Yes, sir.[9]

In this proceeding, petitioner now argues that the advisement of rights was ineffective because "[t]he Boykin rights was [sic] explained to Ronell and not Brandon."[10] That is simply untrue – the rights were explained to both defendants jointly and then each was asked individually whether he understood the rights. That suffices. The mere fact that a colloquy is conducted jointly

---

[9] State Rec., Vol. 1 of 4, transcript of May 28, 2013, pp. 5-7.
[10] Rec. Doc. 4-1, p. 22.

with a co-defendant does not render the resulting pleas constitutionally infirm. Simply put: "[T]here is no federal law, as established by the [United States] Supreme Court, that would indicate that a group plea colloquy violates the Constitution." Pierce v. Vannoy, Civ. Action No. 14-2351, 2015 WL 4509678, at *8 (E.D. La. July 23, 2015) (Morgan, J., adopting recommendation of Wilkinson, M.J.).

### B. Illegal Sentence

Petitioner's second and final claim is that his twenty-five year sentence on the armed robbery conviction is illegal. Specifically, he argues that, in accordance with La. Rev. Stat. Ann. § 14:64.3, "the court *intended* to sentence him to twenty (20) years at hard labor with consecutive five (5) year sentence imposed because of the weapon."[11] He argues that, because the firearm enhancement provision was not charged in the bill of information, he is entitled to be resentenced to a term of only twenty years imprisonment. For the following reasons, that claim likewise has no merit.

In pertinent part, the referenced statute provides:

When the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence. The additional penalty imposed pursuant to this Subsection shall be served consecutively to the sentence imposed under the provisions of R.S. 14:64.

La. Rev. Stat. Ann. § 14:64.3(A).

As petitioner suggests, there is authority supporting the argument that, in order "[t]o invoke the provisions of La.R.S. 14:64.3, the statute must be charged in the bill of information or indictment." State v. Ramsdell, 47 So. 3d 78, 81 (La. App. 3rd Cir. 2010); accord State v. Willis,

---

[11] Rec. Doc. 4-1, p. 23 (emphasis added).

56 So. 3d 362, 370-71 (La. App. 2d Cir. 2010) ("[W]e conclude that the trial court erred when it imposed the penalty enhancement of R.S. 14:64.3 where the state neither statutorily charged the defendant with a violation of R.S. 14:64.3, nor filed notice of its intent to invoke the provisions of that statute."). However, § 14:64.3 "is *neither self-operative nor imperative* absent the district attorney's charging defendant with the use of a firearm or timely moving for enhancement of the sentence." Willis, 563 So.3d at 371 (emphasis added).

In the instant case, petitioner was sentenced to a term of twenty-five years imprisonment on the armed robbery conviction, which is a sentence within the normal sentencing range for that crime *without* enhancement. See La. Rev. Stat. Ann. § 14:64(B) ("Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence."). Although the state *could have* opted to invoke the optional sentencing enhancement of § 14:64.3(A), there is no indication that the state in fact did so – nor is there any indication whatsoever in the record that the judge intended to impose an enhanced sentence pursuant to the optional statutory sentencing provision. Rather, all indications are to the contrary. The bill of information made no reference to § 14:64.3(A).[12] The plea form likewise made no reference to that provision, and it merely stated that petitioner's sentence would be "25 years at hard labor without the benefit of probation, parole or suspension of sentence on the 14:64."[13] Likewise, during colloquy, the judge advised petitioner of the statutory sentencing range for armed robbery without the enhancement and further advised him that he would be sentenced on that conviction to "twenty-five years Department of Corrections

---

[12] State Rec., Vol. 1 of 4, bill of information.
[13] State Rec., Vol. 1 of 4, guilty plea form.

9

without benefit of probation, parole or suspension of sentence."[14]  After accepting the pleas, the judge then in fact imposed that sentence with no reference to a sentence enhancement pursuant to § 14:64.3(A).[15]

For these reasons, there is no basis for this Court to conclude that petitioner received an enhanced sentence pursuant to § 14:64.3(A) or that he is entitled to a reduction in the sentence imposed.  Accordingly, this claim should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Brandon L. Barnes be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[16]

New Orleans, Louisiana, this twelfth day of March, 2018.

*[signature: Janis van Meerveld]*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] State Rec., Vol. 1 of 4, transcript of May 28, 2013, pp. 9-10.
[15] Id. at p. 14.
[16] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.